UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| GE COMMERCIAL DISTRIBUTION FINANCE CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>MARTIN MARINE, INC., DAVID MARTIN, and KIM A. MARTIN,<br><br>*Defendants*. | Case No. 1:10-cv-326<br><br>Judge Mattice |

## **MEMORANDUM AND ORDER**

Presently before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO") [Court Doc. 4]. In its related and incorporated by reference Complaint, Plaintiff alleges that Defendants breached the terms of their contract, is now in default, and refuses to surrender the collateral – inventory in Defendants' business comprising a large part thereof – securing the contract. (Court Doc. 1.)

Because the collateral is easily movable and because Defendants, as dealers in this particular type of collateral, are continuing to sell that inventory, Plaintiff submits that "sufficient cause exists . . . for the immediate issuance of a Temporary Restraining Order without notice to Dealer, in order to avoid immediate and irreparable injury to Plaintiff's security interest in the Collateral." (Court Doc. 4, Mot. for TRO, ¶6.) Therefore, Plaintiff requests that this Court issue a TRO pursuant to Federal Rule of Civil Procedure 65(b) "enjoining and restraining Dealer, its agents, servants, employees, transferees, assigns, attorneys, and all persons acting in concert with Dealer from damaging, diminishing, removing, concealing, transferring, converting, selling, or taking any action whatsoever

which would impair [Plaintiff's] rights in the Collateral, including but not limited to the Floorplan Inventory." (*Id.*, 2-3.)

This Court may only issue a temporary restraining orders may where the party seeking the TRO demonstrates it has fulfilled the following requirements:

(a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Further, "ex parte restraining orders [are] limited to preserving the status quo only for so long as is necessary to hold a hearing." *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir.1978) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974))).

In this case, Plaintiff, via his attorney's certification, has shown that "the circumstances were appropriate for ex parte relief," because they have shown that "notice to the defendant would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). In this situation, the facts and allegations in the Complaint [Court Doc. 1], the Certificate of Counsel Camden Ballard Scearce, Jr. [Court Doc. 2], and in the Affidavit of Jason R. Rozga [Court Doc. 5], demonstrate that Defendants have repeatedly continued to sell the easily moveable items out of trust after repeated notice from Plaintiff and that, therefore, there are significant concerns as to whether they would do so upon notice of a hearing on the matter. Further,

Plaintiff argued that the irreparable injury and loss is not only immediate, but ongoing–the sale of the secured items out of trust to *bona fide* purchasers for value.

More significantly, the Court first heard argument on, then granted, Plaintiff's motion for a Writ of Possession pursuant to Tenn. Code. Ann. §29-30-106, as incorporated to these proceedings by Federal Rule of Civil Procedure 64. Upon the Court's inquiry pursuant to *EBSCO Indus., Inc. v. Lilly*, 840 F.2d 333, 336 (6th Cir. 1988) as to the additional value of a TRO, given the remedy already granted pursuant to Fed. R. Civ. P. 64, counsel made the representation that he would use the TRO's guarantee of additional time without fear of additional dissipation of the collateral to give Defendants notice of Plaintiff's intent to serve the writ of possession, which would allow the parties time to arrange a safer and more orderly transfer of the goods.

Because the Court granted the application for a writ of possession, the Court finds that issuing a TRO preventing Defendants from further dispersing the goods, possibly to *bona fide* purchasers for value, is the most equitable solution in this case and is in the interests of justice. By issuing a TRO, Plaintiff will be able to provide Defendants with more notice of the action than it would be able to otherwise, given the fear of the dissipation of the assets, allowing Defendants even earlier access to the Court. Further, by allowing Plaintiff time to notify Defendants of their intent to exercise their writ of possession, the TRO provides for a safer, more orderly transfer of assets than would be the case otherwise. Lastly, Plaintiff's posting of a bond in the amount of $243,340.33, the full value of the collateral sought to be possessed in the writ of possession, provides Defendants with a significant remedy, should Plaintiff have sought wrongly the writ of possession and the temporary restraining order.

Therefore, the Court finds that:

    (1) because the circumstances are appropriate for ex parte relief;

    (2) because Plaintiff has shown a high likelihood of success on the merits;

    (3) because the public has a significant interest both in avoiding fraudulent transfers of property to *bona fide* purchasers for value and in avoiding the potentially disorderly and tense situations caused by sudden service of writs of possession relating to a significant amount of large property; and

    (4) because Plaintiff has posted a significant bond that would fully recompense the Defendants if more permanent relief is eventually denied,

a Temporary Restraining Order is appropriate in this situation and should be granted.

Accordingly and as set forth above, Plaintiff's Motion for Temporary Restraining Order ("TRO") [Court Doc. 4] is **GRANTED** as of **December 7, 2010** at **12:00 p.m.**

Notice of the Temporary Restraining Order will be provided by Plaintiff's counsel to Defendants' counsel as soon as is practicable, in accordance with Plaintiff's counsel's representations to the Court at the December 7, 2010 hearing.

This temporary restraining order will expire by its own its terms at **5:00 p.m.** on **Friday, December 17, 2010**.

A hearing to convert this temporary restraining order to a preliminary injunction is hereby **SET** for **4:00 p.m.** on **Friday, December 17, 2010**, before the undersigned in Courtroom 1A, 900 Georgia Avenue, Chattanooga, Tennessee 37402.

In accordance with Federal Rule of Civil Procedure 65(c), Plaintiff has already posted a monetary bond in the amount of Two Hundred and Forty Three Thousand and

Three Hundred Forty and 33/100 Dollars ($243,340.33) as surety for property and Collateral. [Court Doc. 6.]

**SO ORDERED** this 7th day of December, 2010.

                                                                 */s/ Harry S. Mattice, Jr.*
                                                                 HARRY S. MATTICE, JR.
                                                          UNITED STATES DISTRICT JUDGE